IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

LINDA S. MAZURKIEWICZ, et al.,

                Plaintiff,           Case No. 3:01 CV 7009

  -vs-

                              MEMORANDUM OPINION
JANICE MARY WICKSTROM, et al.,      AND ORDER

                Defendant.

KATZ, J.

      This matter is before the Court on Defendant Janice M. Wickstrom's ("Wickstrom") Motion to Assess Costs Against Plaintiff (Doc. No. 76), to which Plaintiff has responded (Doc. No. 77). The Court will deny Defendant's motion.

      In January of 2001, Plaintiff sued Defendant Wickstrom and others since dismissed, seeking compensation for injuries arising out of an automobile accident. Prior to trial, Defendant, through her insurance company, offered to settle Plaintiff's claims for $50,000. Defendant also offered to enter into a binding arbitration agreement guaranteeing Plaintiff $25,000. Plaintiff refused both offers. After a trial on the issue of damages, the jury found in favor of the Plaintiff and awarded her $20,200. (Doc. No. 72). On November 23, 2004, this Court entered a judgment awarding Plaintiff $20,200 plus interest and costs. (Doc. No. 74). Three days later, Defendant filed the motion that is now before the Court, seeking costs under Federal Rule of Civil Procedure 54.

Under Rule 54(d)(1), where no statute provides for them, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." "[T]he litigant in whose favor judgment is rendered is considered the prevailing party." *Burk v. Unified Sch. Dist. No. 329*, 116 F.R.D. 16, 17 (D. Kan. 1987) (citing 10 Charles Allan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2667). While a party who rejects an "offer of judgment" that is made under Rule 68 and who later recovers less than was offered must pay the offeror's costs, "a defendant who did not take advantage of Rule 68 cannot depend on the court being sympathetic to its argument." *Ruble v. Madison Capital*, 1998 U.S. Dist. LEXIS 20421, at *4 (N.D. Ohio 1998).

In this case, the Court entered judgment, including an award of costs, in favor of Plaintiff. Defendant nevertheless urges the Court to declare it the prevailing party because the jury's award was less than Defendant's settlement offer. However, Defendant has not disputed Plaintiff's contention that its settlement offers were not formal offers of judgment under Rule 68. Therefore, the Court finds no basis upon which to award costs to Defendant under Rule 54. Defendant's Motion to Assess Costs (Doc. No. 76) is therefore denied.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
SENIOR U. S. DISTRICT JUDGE